UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    UNITED STATES OF AMERICA,
                               Plaintiff,

                               17 Cr. 262 (LGS)
               -against-

                               <u>ORDER</u>
    ARKADIY ISRAILOV,
                               Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

**<u>Background</u>**

      WHEREAS, on July 10, 2018, Defendant pleaded guilty to conspiracy to transport stolen property. On March 21, 2019, Defendant was sentenced to thirty-three months' imprisonment. The Government represents that Defendant's current expected release date is September 21, 2021.

      WHEREAS, on February 23, 2021, Defendant filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), citing health risks related to COVID-19 at the facility where he is incarcerated, Federal Correctional Institution, Allenwood Low ("FCI Allenwood Low") (Dkt. No. 667). On March 3, 2021, the Government filed a response in opposition (Dkt. No. 671). Defendant has exhausted his administrative remedies, and the motion is properly before the Court.

**"<u>Extraordinary and Compelling Reasons</u>"**

      WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that a court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Second Circuit has ruled that section 1.B1.13 of the Sentencing Guidelines, *i.e.* the policy statement issued by the U.S. Sentencing Commission

pertaining to compassionate release, "is not applicable to compassionate release motions brought by defendants" and "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020) (quotation marks omitted). Rather, when assessing a motion brought by a defendant, the district court has the discretion "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id.* at 237.

WHEREAS, Defendant bears the burden of proving that extraordinary and compelling reasons exist to justify his request for a sentence reduction. *See United States v. Perez*, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020). Because Defendant filed his compassionate release motion *pro se*, the Court has liberally interpreted his submission "to raise the strongest arguments that [it] suggest[s]." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018).

WHEREAS, the Centers for Disease Control ("CDC") has stated that people of any age with certain underlying medical conditions are at an increased risk for severe illness from the virus that causes COVID-19. Adults of any age with hypertension might be at an increased risk of severe illness due to COVID-19. *See Coronavirus Disease 2019 (COVID-19): People Who Are At Higher Risk*, at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited March 8, 2021) (the "CDC Guidance). Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19." *United States v. Stephens*, 447 F. Supp. 3d 63, 65 (S.D.N.Y. Mar. 19, 2020).

WHEREAS, Defendant has not demonstrated the requisite extraordinary and compelling circumstances warranting a sentence reduction. Defendant is forty-two years old and identifies the following medical conditions that he asserts justify release due to the risks of COVID-19:

2

"hypertension, lung failure, calculus of kidney, diabetes and bronchitis." Defendant's Bureau of Prison ("BOP") medical records do not support Defendant's claims.

First, there is no indication from the BOP medical records that Defendant suffers either currently or chronically from lung failure, bronchitis or diabetes. Defendant has submitted medical records from 2005, which indicate that he was treated, in the past, for certain respiratory issues. The current records do not indicate any chronic or severe respiratory conditions.

Second, Defendant's medical conditions that are supported by the BOP medical records do not constitute extraordinary and compelling circumstances. The records reflect that Defendant's calculus of kidney, *i.e.* kidney stones, are in remission as of April 2019, and that Defendant was diagnosed with essential (primary) hypertension. CDC Guidance states that essential hypertension is only a possible risk factor for severe illness. *See United States v. Sattar*, 467 F. Supp. 3d 152, 155 (S.D.N.Y. 2020) (denying compassionate release to a 60-year-old inmate with essential hypertension because, "at this point, the [CDC] guidance suggests that pulmonary hypertension, which [the inmate] does not claim to suffer from, is a genuine risk factor, and the guidance does not suggest that regular hypertension, which [the inmate] does claim to suffer from, is a risk factor."). Compassionate release is also not warranted because the BOP medical records reflect that Defendant's hypertension was monitored and treated. *See United States v. Hasan-Hafez*, 16 Cr. 221-2, 2020 WL 2836782, at *4 (S.D.N.Y. June 1, 2020) (finding no extraordinary and compelling circumstances where BOP managed defendant's "various co-morbidities that the CDC has recognized as presenting an increased risk" of severe complications with COVID-19); *United States v. Slater*, No. 04 Cr. 48-36, Dkt. No. 1251 at 4-5 (S.D.N.Y. June 30, 2020) ("[G]eneric hypertension is a common condition shared by more than 75 million Americans and can usually be effectively managed through monitoring and

3

medication." (citing https://www.merckmanuals.com/professional/cardiovascular-disorders/hypertension)).  Defendant was prescribed medication for his hypertension until April 2020, when Defendant reported that he had discontinued the medication and that he was in "excellent health."  The condition was marked as resolved.

WHEREAS, Defendant generally claims that his risk of COVID-19 infection is unduly high due to the number of cases and conditions of confinement at his facility, FCI Allenwood Low.  The current conditions do not establish extraordinary and compelling circumstances.  First, Defendant's medical conditions do not establish an extraordinary and compelling reason for release due to the risk of COVID-19, as discussed above.  Second, Defendant has access to effective medical care, as evidenced by his medical records.  Third, FCI Allenwood Low, like other BOP facilities, has implemented COVID-19 mitigation measures, including masks, social distancing and temperature-taking protocols.  *See* Bureau of Prisons, *BOP Modified Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited March 8, 2021).  Fourth, as of March 8, 2021, FCI Allenwood Low has only two positive cases among inmates, *see* Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited March 8, 2021), and courts have persuasively noted that conditions there do not rise to the level of extraordinary and compelling circumstances, *see, e.g.*, *United States v. Maldonado*, No. 16 Cr. 285, 2021 WL 639069, at *4 (S.D.N.Y. Feb. 17, 2021) ("[P]rison officials seem to have the virus at FCI Allenwood (Low) under control.  While there have been 580 COVID-19 tests administered since the [p]andemic began, yielding 301 positive results . . . at present no staff are testing positive, and only one inmate is currently testing positive.  Defendant would arguably encounter more COVID-19 infected persons if were released to the community than he would at FCI Allenwood (Low)." (citations omitted)); *United States v. Ferranti*, No. 95 Cr. 119, 2021 WL 768233, at *3

4

(E.D.N.Y. Feb. 25, 2021) (explaining that courts have often considered "the number of confirmed COVID cases at a facility" in assessing an inmate's risk from COVID-19, and finding that the "present conditions at FCI Allenwood Low do not aid [Defendant's] case" for extraordinary and compelling circumstances). In light of this evidence, Defendant has not established that conditions at FCI Allenwood Low constitute an extraordinary and compelling justification for release. That conclusion is bolstered by the fact that Defendant's BOP records show that on January 5, 2021, he refused a COVID-19 vaccine for unspecified reasons. Accordingly, it is hereby

**ORDERED** that Defendant's motion for compassionate release is denied. The Clerk of Court is respectfully directed to close Dkt. No. 667 and mail a copy of this Order to *pro se* Defendant.

Dated: March 8, 2021
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**